IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD BOWER LIGHTFEATHER,<br><br>                Plaintiff,<br><br>   vs.<br><br>CHOCTAN NATION, and NATION OF ISREAL,<br><br>                Defendants. | **8:22CV105**<br><br>**MEMORANDUM AND ORDER** |

On May 2, 2022, the court entered a final judgment dismissing this case without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this court's orders. (Filings 5 & 6.) On May 9, 2022, Plaintiff filed an untitled Motion and Supplement. (Filings 7 & 8.) Out of an abundance of caution, the court will construe Plaintiff's Motion as either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's Motion is timely under either rule.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's Motion, the court concludes that Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief.

DATED this 10th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

2